IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEODIS RANDLE                                                                                                PETITIONER

v.                                    NO. 4:18-cv-00943 SWW/PSH

WENDY KELLEY                                                                                            RESPONDENT

<u>FINDINGS AND RECOMMENDATION</u>

<u>INSTRUCTIONS</u>

The following proposed Recommendation has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

I. PRIOR STATE AND FEDERAL COURT PROCEEDINGS. The record reflects that in October of 2017, petitioner Leodis Randle ("Randle") pleaded guilty in Pulaski County Circuit Court in case number 60CR-17-1754 to a charge of aggravated assault on a family or household member. See Docket Entry 33, Exhibit 1. During the sentencing hearing, Randle admitted that he "purposely impede[d] or prevent[ed] the respiration and circulation of blood by applying pressure to the throat or neck of Genise Key, a family or household member." See Docket Entry 33, Exhibit 1 at CM/ECF 4. The state trial court judge did not sentence Randle to incarceration but instead sentenced him to, inter alia, three years' probation. See Docket Entry 33, Exhibits 1, 2. A judgment and commitment order was filed on November 17, 2017. See Docket Entry 33, Exhibit 2. Randle did not appeal any aspect of his guilty plea or sentence.[1]

In January of 2018, Randle was arrested by officers with the Little Rock Police Department and charged with several offenses, one of which was possession of a firearm by certain persons. See Docket Entry 33, Exhibit 3. On February 7, 2018, the State of Arkansas filed a petition in Pulaski County Circuit Court to revoke his probation in 60CR-17-1754. See Docket Entry 33, Exhibit 4. A final disposition of the petition has not yet been made.[2]

---

[1] Arkansas Rule of Appellate Procedure-Criminal 1(a) generally precludes an appeal following a guilty plea, although there are exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014). None of the exceptions were applicable at the time Randle could have timely appealed his guilty plea or sentence.

[2] In June of 2018, Randle was indicted in the United States District Court for the Eastern District of Arkansas with being a felon in possession of a firearm. See United States v. Randle, 4:18-cr-00295. The indictment sprang from his January of 2018 arrest by officers with the Little Rock Police Department. 4:18-cr-00295 is currently scheduled for trial the week of November 12, 2019, before United States District Judge Kristine G. Baker.

In September of 2018, Randle filed petitions for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 petitions") in Pulaski County Circuit Court. See Docket Entry 33, Exhibit 6. In the petitions, Randle maintained, inter alia, that his trial attorney in 60CR-17-1754 was ineffective because counsel coerced Randle into pleading guilty despite the victim, Genise Key ("Key"), having signed an affidavit in June of 2017 in which she represented that Randle did not assault her. The state trial court judge denied the petitions, doing so for the following reason:

> Currently, [Randle] has an active probation revocation in the instant case. At this time the case is set for a sanity hearing on December 3, 2018. [He] filed the instant petition on September 7, 2018 while the case is still pending before this court. Therefore, ..., this court finds the petition is not ripe for consideration and shall be DISMISSED WITHOUT PREJUDICE.

See Docket Entry 33, Exhibit 8. Randle appealed the denial of his Rule 37 petitions. During the appeal, the State of Arkansas filed a motion to dismiss on the ground that Randle failed to comply with the briefing schedule. In May of 2019, the Arkansas Court of Appeals granted the motion and dismissed the appeal. See Docket Entry 53, Exhibit 2 (also designated as Exhibit 17). Randle then filed an "appeal notice" with the "United States Circuit Court of Appeals of Arkansas." See Docket Entry 53, Exhibit 3 (also designated as Exhibit 18). No action has been taken as a result of the "appeal notice."

In March of 2018, Randle began case number 4:18-cv-00223 in the United States District Court for the Eastern District of Arkansas ("Eastern District of Arkansas") by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his guilty plea in 60CR-17-1754. He did so on several grounds, one of which was that he had been exonerated by Key. United States District Judge Susan

3

Webber Wright adopted the undersigned's report and recommendation and dismissed the petition without prejudice in June of 2018 when Randle failed to either pay the five dollar filing fee or file a motion for leave to proceed in forma pauperis. Randle appealed the dismissal of his petition. The United States Court of Appeals for the Eighth Circuit ("Court of Appeals") dismissed the appeal for lack of jurisdiction.

In August of 2018, Randle began case number 4:18-cv-00622 in the Eastern District of Arkansas by filing what was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he alleged, in part, that his guilty plea in 60CR-17-1754 was not voluntary. United States District Judge James M. Moody, Jr., adopted the undersigned's report and recommendation and dismissed the petition without prejudice in November of 2018 when Randle failed to file an amended petition containing a cognizable claim. Randle appealed the dismissal of the petition, but the appeal was dismissed when he failed to prosecute it properly.

II. PLEADINGS AT BAR. Randle began the case at bar in December of 2018 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, a submission he later supplemented and amended. Respondent Wendy Kelley ("Kelley") summarized the claims advanced by Randle as follows, a summary the undersigned adopts:

> ... because the victim of [Randle's] assault signed an affidavit stating that Randle did not assault her, his counsel [in 60CR-17-1754] was ineffective for advising him to plead guilty and, afterwards, for failing to move to withdraw the plea. Randle also seems to make various related assertions that the prosecutor and court should not have gone forward with his guilty plea, and should not go forward with the pending revocation of his probation in the case, because his guilty plea was invalid in light of the victim's affidavit.

See Docket Entry 33 at CM/ECF 4.

Kelley thereafter filed a response to Randle's petition. In the response, Kelley maintained that the petition should be dismissed, in part, because the claims for relief are "untimely, waived, and procedurally defaulted." See Docket Entry 33 at CM/ECF 1.

The undersigned notified Randle of the response and gave him an opportunity to file a reply. Randle did so by filing a number of pleadings. See Docket Entries 37-42, 44-48, 50-51, 54-58. A brief summation of the pleadings is extremely difficult. In short, he appears to offer reasons why his guilty plea in 60CR-17-1754 was not voluntary.

III. LIMITATIONS.[3] Kelley maintains that Randle's petition is untimely. It is her contention that he had until December 17, 2018, to file a timely petition pursuant to 28 U.S.C. 2254, but he failed to do so. She maintains that there is no reason to excuse his untimely filing, and his petition should therefore be dismissed.

---

[3] Three preliminary matters are worth noting. First, liberally construing Randle's pro se pleadings, and giving them as fair an interpretation as possible, he is attacking his guilty plea in 60CR-17-1754 only. He is not attacking the ongoing attempt to revoke his probation. A judgment and commitment order closed 60CR-17-1754 on November 17, 2017, and the conviction in that case is now final. The effort to revoke his probation is a separate proceeding, and a final disposition has not yet been made in that case. If his probation is indeed revoked, he can attack that proceeding in a separate case. It also appears that he has not exhausted the claims he offers in attacking the ongoing attempt to revoke his probation.

Second, it appears that the proper respondent in this case is not Kelley, the Director of the Arkansas Department of Correction. Instead, the proper respondent appears to be Kevin Murphy ("Murphy"), the Director of the Arkansas Department of Community Correction, as Randle was not sentenced to a period of incarceration but was instead sentenced to, inter alia, three years' probation. See Docket Entry 33 at CM/ECF 5 ("Probation in the State of Arkansas is administered by the Arkansas Department of Community Correction, ..."). Because this case should be dismissed, though, the undersigned will not recommend that Murphy be substituted for Kelley.

Last, Kelley maintained in her initial response that Randle failed to exhaust his state remedies with respect to the attack on his guilty plea in 60CR-17-1754. In a supplemental response, though, she conceded, and the undersigned finds, that he "no longer has any non-futile remedies available in the state courts to attempt to exhaust his ineffective assistance of counsel claims, untimely as they are." See Docket Entry 53 at CM/ECF 3. As she correctly noted in her supplemental response, he has not sought rehearing or review of the state Court of Appeals' dismissal of his Rule 37 petitions. Although Randle filed an "appeal notice" with the "United States Circuit Court of Appeals of Arkansas," Kelley represents, and the undersigned agrees, that the "appeal notice" was not a "petition for rehearing or review filed in the appellate court and did not place the dismissal of his appeal before the Arkansas appellate courts for further review or consideration." See Docket Entry 53 at CM/ECF 2 n.1. Thus, the "appeal notice" is of no legal significance; does not continue the appeal process; and does nothing to place the dismissal of his appeal before an Arkansas appellate court.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, or if the untimely filing of his petition is not excused, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from "the latest of" one of four dates, only one of which is applicable in this instance.

Kelley maintains, and the undersigned agrees, that 28 U.S.C. 2244(d)(1)(A) is the applicable date in this instance. It provides that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." For a petitioner like Randle who did not seek review in a state's highest court, the judgment becomes final "on the date that the time for seeking such review expires." See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012).

The time for seeking direct review in this instance expired with the expiration of the thirty day period during which Randle could have sought appellate review of his guilty plea and sentence. Thus, the one-year period began to run on December 18, 2017, or thirty days after the entry of the judgment and commitment order, and he had up through December 17, 2018, to file a timely petition pursuant to 28 U.S.C. 2254.

Randle filed the petition at bar on December 26, 2018, or approximately nine days after the expiration of the one-year period. The first page of the petition, though, makes reference to "12/09/18," see Docket Entry 1 at CM/ECF 1, or a date approximately nine days before the expiration of the one-year period. Although it is not clear what he intended by "12/09/18," the question for the undersigned is whether December 9, 2018, can be deemed to be the filing date of his petition.

Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts provides the following with respect to inmate filings:

> (d) Inmate Filing. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by declaration in compliance with 28 U.S.C. 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

The inmate bears the burden of proving his entitlement to what is known as the "mailbox rule." See Porchia v. Norris, 251 F.3d 1196 (8th Cir. 2001).

Applying the foregoing to the facts of this case, Randle is not entitled to the benefit of the "mailbox rule." Although the issue of the untimely filing of his petition was raised by Kelley in her response, and he was notified of her contention, he submitted nothing to support application of the "mailbox rule." It is unclear whether his place of incarceration at the time he prepared his petition has a separate legal mailing system and, if so, whether he used the system in mailing his petition. It is clear, though, that he has offered no proof as to the date on which he placed his petition in the mailing system or that he affixed proper postage to his mailing. For these reasons, December 9, 2018, cannot be deemed to be the filing date of the petition.

The undersigned finds that Randle's petition was filed on December 26, 2018, or approximately nine days after the expiration of the one-year period. In light of that fact, the following two questions arise: first, are there periods of time that can be excluded from the one-year period, possibly making the petition timely; and second, if not, is equitable tolling nevertheless appropriate?

With regard to the first question, 28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. That section, though, is of no benefit to Randle because his Rule 37 petitions were not "properly filed." The undersigned so finds for the reason advanced by Kelley, which is as follows:

> Arkansas Rule of Criminal Procedure 37.2(c)(i) provides that if a conviction was obtained on a plea of guilty, any petition under the rule must be filed within 90 days of the date of entry of judgment. The time limits imposed by Rule 37.2(c) are jurisdictional. ... Here, [Randle] filed his Rule 37 petitions in the Pulaski County Circuit Court more than 200 days after his time to do so under state procedural rules had expired. ... The time limits are jurisdictional, so Arkansas appellate courts will dismiss an appeal from the denial of an untimely filed Rule 37 petition for lack of jurisdiction. ...
>
> Likewise, even if the Pulaski County Circuit Court were to consider [Randle's] Rule 37 claims concerning the effectiveness of his counsel at his guilty plea, the court is without jurisdiction to do so and thus would be bound to dismiss the case for lack of jurisdiction. When a petition under Rule 37.1 is not timely filed, a trial court shall not consider the merits of the petition. ... And, where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. ... Because [Randle's] Rule 37 petition was untimely filed in the circuit court, neither the circuit court nor the Arkansas appellate courts can consider the merits of [his] ineffective assistance of counsel claims concerning his guilty plea. ... And, though the revocation of [his] probation for his underlying guilty plea is still pending in the Pulaski County Circuit Court ..., the outcome of that case has no bearing on his ineffective assistance of counsel claims concerning his underlying guilty plea, ...

See Docket Entry 53 at CM/ECF 2-4.[4]

---

[4] The state trial court judge dismissed Randle's Rule 37 petitions because they were "not ripe for consideration." See Docket Entry 33, Exhibit 8. The decision is confusing at best. Randle's Rule 37 petitions were clearly untimely as they were filed outside the ninety day period. The undersigned knows of no support for the proposition that an untimely Rule 37 petition is not "ripe for consideration" during the pendency of a petition to revoke the probation imposed as a result of an earlier guilty plea. If that were true, the time limits of Arkansas Rule of Criminal Procedure 37.2(c) would be, in some instances, meaningless as a petition to revoke probation can be filed years after a conviction becomes final.

Although the period during which Randle's Rule 37 petitions were pending must be counted toward the one-year period, what about the period during which his prior petitions pursuant to 28 U.S.C. 2254, i.e., 4:18-cv-00223 and 4:18-cv-00622, were pending? Did they in any way toll the one-year period? The short answer is no. It is axiomatic that the one-year period is not tolled during the pendency of a petition pursuant to 28 U.S.C. 2254. See Duncan v. Walker, 533 U.S. 167 (2001).[5]

When extraordinary circumstances beyond a petitioner's control make it impossible to file a timely petition, the one-year period can be equitably tolled. See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Id. at 427 [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The relief, though, is "an exceedingly narrow window ..." See Id. at 428. [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

---

[5] See also White v. Dingle, 616 F.3d 844, 846-47 (8th Cir. 2010), in which the Court of Appeals opined the following:

> ... The potential peril for the unwary habeas petitioner is exacerbated by the fact that the limitations period is not tolled while a petition is pending in federal court. See Duncan v. Walker, 533 U.S. 167, 181-82 ... (2001). A petitioner like White, for example, who files his petition well before the expiration of the [Antiterrorism and Effective Death Penalty Act's] one-year deadline may find that the limitations period has expired while his case was under consideration. In such a situation, dismissal without prejudice does not provide a petitioner with the options that the Court envisioned in Rose v. Lundy; rather, it leaves the petitioner both out of court and out of time to file another petition.

See also Nichols v. Kelley, 2015 WL 1858878, 4 (E.D.Ark. 2015), in which United States District Judge Kristine G. Baker adopted the report and recommendation of United States Magistrate Judge J. Thomas Ray and opined the following:

> While Petitioner filed his initial 2254 action in this Court on April 26, 2012, the United States Supreme Court has made it clear that the one year limitations period is not tolled during the pendency of a 2254 federal habeas proceeding. Duncan v. Walker, 533 U.S. 167, 181 (2001) (federal habeas petition "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"). Applying Duncan, the limitations period continued to run while Petitioner's first habeas petition was pending in this Court.

Case 4:18-cv-00943-SWW   Document 59   Filed 08/16/19   Page 10 of 12

The undersigned is not prepared to find that Randle has been pursuing his rights diligently. Although he has sought post-conviction relief in state and federal court, he never once saw a post-conviction proceeding through to a final conclusion. For instance, he filed two Rule 37 petitions in the state courts of Arkansas and, when they were dismissed, he appealed their dismissal. The state Court of Appeals dismissed the appeal when he failed to comply with the briefing schedule. He thereafter filed an "appeal notice," but the pleading has no legal significance.

Randle filed a petition pursuant to 28 U.S.C. 2254 in the Eastern District of Arkansas, but the petition was dismissed when he failed to either pay the five dollar filing fee or file a motion for leave to proceed in forma pauperis. See 4:18-cv-00223. He appealed the dismissal of the petition, but the Court of Appeals dismissed the appeal for lack of jurisdiction.

Randle then filed a second petition pursuant to 28 U.S.C. 2254 in the Eastern District of Arkansas. The petition was dismissed when he failed to file an amended petition containing a cognizable claim. See 4:18-cv-00622. He appealed the dismissal of the petition, but the appeal was dismissed when he failed to prosecute it properly.

The undersigned is also not prepared to find that an extraordinary circumstance stood in Randle's way and prevented him from filing a timely petition pursuant to 28 U.S.C. 2254. Key signed her affidavit in June of 2017, or before Randle pleaded guilty, and there is no indication he was unaware of her representation at the time he pleaded guilty. There is also no indication that the denial of Randle's Rule 37 petitions because they were premature somehow lulled him into inaction. He appealed the decision, but his appeal was dismissed when he failed to comply with the briefing schedule.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker, J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. The exception provides that the limitations bar will be lifted if a petitioner presents new evidence affirmatively demonstrating he is innocent of the crime for which he was convicted. See Murphy v. King, 652 F.3d 845 (8th Cir. 2011).

Randle offers Key's affidavit in support of his assertion of actual innocence. In the affidavit, she represents that he never touched her. See Docket Entry 33, Exhibit 7. The affidavit warrants no relief for at least two reasons. First, the evidence is not new. Key signed the affidavit well before Randle pleaded guilty, and there is no indication he was unaware of her representation at the time he pleaded guilty. Second, given Randle's admission that he "purposely impede[d] or prevent[ed] the respiration and circulation of blood by applying pressure to the throat or neck of ... Key, a family or household member," see Docket Entry 33, Exhibit 1 at CM/ECF 4, the undersigned is not persuaded that the affidavit affirmatively demonstrates he is innocent of the crime for which he was convicted.

IV. RECOMMENDATION. Given the foregoing, Randle did not file the petition at bar within one year of his conviction in 60CR-17-1754 becoming final. He has failed to offer a valid reason for excusing or overlooking his failure to file a timely petition. It is therefore recommended that his petition be dismissed. All pending motions and all requested relief should be denied, and judgment should be entered for Kelley.

DATED this 16th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE